UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HOUX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LUKE KOLL, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00146-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Victor Houx is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Plaintiff filed the instant complaint on January 28, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names Audrey King, Executor Director of Coalinga, Luke Koll, Psych Tech., and David Lewright, Former Unit 8 Supervisor, as Defendants.

On March 3, 2014, at approximately 4:15 p.m., Plaintiff was in his living area on Unit 8, when Luke Koll knocked loudly on Plaintiff's dorm room door and announced in a loud voice, "locker search." Koll then entered Plaintiff's privacy curtain, at which time Plaintiff got up from his bed and said "no problem." Defendant Koll instructed Plaintiff to remove his shirt and Plaintiff complied. Koll then instructed Plaintiff to remove his shorts and boxer shorts. Plaintiff stated, "I'll remove my pants and you can look into my boxer shorts" at which point he pulled out the top of my boxer shorts so defendant could see inside.

Defendant then stated, "I need you to take off your shorts and boxers too." At this point Plaintiff replied, "You can't strip search me, besides there are females in the room." The female staff

1  member's name is Ebony, who was in the process of searching another individuals living area in the
2  same dorm whose privacy curtain was completely open as well.
3      Defendant Koll then stated, "It's OK, the curtains will cover you."  At this point Plaintiff again
4  complained that Defendant could not stripe search him without cause.  Defendant got a smug look on
5  his face and replied, "This is a just cause search.  I was ordered to perform this search on you."
6  Plaintiff then replied, "that doesn't sound right."  Defendant then stated, "that's the order."
7      Defendant Koll was the only staff member present in Plaintiff's bed area during the entire
8  search with the curtain open.  Plaintiff reluctantly complied with all Defendants' order under protest.
9  Plaintiff removed all of his clothing, and stood in front of him completely nude, while Koll inspected
10 Plaintiff's clothing.  When Koll finished inspecting the clothing, he handed Plaintiff the clothes back
11 and Plaintiff got dressed.  Upon reflection, Plaintiff contends there were a couple of instances where
12 Plaintiff noticed Defendant Koll looking at him while he was inspecting Plaintiff's clothing.  During
13 the entire time, unit staff member Ebony and the other officers searching the other area in the dorm
14 were approximately 7 to 10 feet away from where Plaintiff was and the curtains were fully open the
15 entire time.
16     Thereafter, Koll without assistance proceeded to search Plaintiff's living area in a reckless and
17 indifferent manner.  During the search, Koll requested and was provided with three gray property
18 storage bins.  He then began placing all of his property into the bins.  When Plaintiff asked the reason,
19 Koll replied "to categorize all your stuff."
20     After Koll finished, and all of Plaintiff's property was in the gray bins on the floor, Plaintiff
21 asked Koll if he was going to return his things back where he found them.  Koll replied, "I'm
22 categorizing."  At this point, another staff member told Defendant Koll "we're done."  At that point,
23 Koll stood up, looked at Plaintiff with a smile and stated, "You can put it all back now."

### III.
### DISCUSSION

26     As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial
27 detainees or convicted criminals.  <u>Jones v. Blanas</u>, 393 F.3d 918, 931-32 (9th Cir. 2004).  Plaintiff's
28

right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and internal quotation marks omitted).

### A.     Strip Search

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558  (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34.

Because the Fourth Amendment right to be secure against unreasonable searches and seizures applies to incarcerated prisoners, the same Fourth Amendment right applies to civilly detained sexually violent predators. Hyrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007) (citing Thompson v.

4

Souza, 111 F.3d 694, 699 (9th Cir. 1997)).  However, the reasonableness of the search involving a civilly detained SVP is determined by reference to the detention context.  Hydrick, 500 F.3d at 993. "SVP's have been civilly committed subsequent to criminal convictions and have been adjudged to pose a danger to the health and safety of others."  Id. at 900.  Civilly detained SVP's have a diminished right to privacy.  Cf. Bell v. Wolfish, 441 U.S. 520, 557 (1979); Hydrick, 500 F.3d at 990. The government's legitimate interests in conducting a search of a civilly detained SVP or his room mirrors those that arise in the prison context, such as the safety and security of guards and others in the facility, order within the facility, and the efficiency of the facility's operations.  Id. at 993; see Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004).  A search will violate a civilly detained SVP's Fourth Amendment rights if its "arbitrary, retaliatory, or clearly exceeds the legitimate purpose of detention." Meyers v. Pope, 303 F. App'x 513, 516 (9th Cir. 2008); Hydrick, 500 F.3d at 993.

Plaintiff's allegations are insufficient to give rise to a Fourth Amendment violation.  The bare assertion that Plaintiff was searched does not support a claim, as Plaintiff is not entitled to be entirely free from institutional searches.  Bell, 441 U.S. at 558; see also Seaton v. Mayberg, 610 F.3d 530, 535-36 (9th Cir. 2010) (civil detainee awaiting commitment proceedings was not a free person with full civil rights).  While Plaintiff claims that the strip search was conducted "with the curtain open" and other individuals, including a female officer, were within approximately seven to ten feet, there is no showing that any other officer beside Koll was involved in the search.  See Michenfelder, 860 F.2d at 334 (mere presence of female prison staff in the general vicinity likely did not violate the Fourth Amendment).   Indeed, Plaintiff admits that Koll was the only staff member present in Plaintiff's bed area during the entire search and the only individual who conducted the search.  On the record before the Court, there are no facts to support a claim that Plaintiff was subjected to an unreasonable search by Defendants.

With respect to Plaintiff's living area and property, there must be a "reasonable expectation of privacy in the area invaded" for a Fourth Amendment claim to lie.  Espinosa v. City and County of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010); Hudson v. Palmer, 468 U.S. 517, 525 (1984); Bell, 441 U.S. at 556-557.  The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear, but assuming Plaintiff retains *any* reasonable

expectation of privacy at all in his living area at Coalinga State Hospital, it would necessarily be of a diminished scope given Plaintiff's civil confinement. See Bell, 441 U.S. at 556-57 (discussing detainee's expectation of privacy in cell or room at detention facility); see also Pesci v. Budz, No. 2:12-cv-227-FtM-29SPC, 2012 WL 4856746, at *6 (M.D. Fla. Oct. 12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); Rainwater v. Bell, No. 2:10-cv-1727 GGH P, 2012 WL 3276966, at *11 (E.D. Cal. Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable expectation of privacy in his jail cell); Pyron v. Ludeman, Nos. 10-3759 (PJS/JJG), 10-4236 (PJS/JJG), 2011 WL 3293523, at *6 (D. Minn. Jun. 6, 2011) (finding motion to dismiss should be granted because a search of a civil detainee's personal items in his cell does not violate the Fourth Amendment), report and recommendation adopted in full, 2012 WL 1597305 (D. Minn. Jul. 29, 2011); Riley v. Doyle, No. 06-C-574-C, 2006 WL 2947453, at *5 (W.D. Wis. Oct. 16, 2006) (civil detainee denied leave to proceed on Fourth Amendment claim arising out of repeated contraband searches because there is no reasonable expectation of privacy in avoiding routine cell inspections and searches); but see Hoch v. Tarkenton, No. 1:10-cv-02258-DLB PC, 2013 WL 1004847, at *2 (E.D. Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room); Stearns v. Stoddard, No. C11-5422-BHS-JRC, 2012 WL 1596965, at *3 (W.D. Wash. Apr. 11, 2012) (recognizing that whether a civil detainee housed in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), report and recommendation adopted in full, 2012 WL 1597305 (WD. Wash. May 7, 2012).

Therefore, Plaintiff's bare allegation that his living area and property were subjected to searches is insufficient to support a viable claim under the Fourth Amendment. Accordingly, Plaintiff fails to state a cognizable claim for relief and his complaint will be dismissed with leave to amend.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by

adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed January 28, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 24, 2015**

UNITED STATES MAGISTRATE JUDGE